UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTELA TREJO LUGO,

CASE NO.: 8:16cv2145T23 JSS

    Plaintiff,

v.

CAL-MAINE FOODS, INC., a Delaware
Corporation, ADOLPHUS B. BAKER,
Individually, SHERMAN MILLER,
Individually, and TIMOTHY A.
DAWSON, individually.

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ESTELA TREJO LUGO, by and through her undersigned counsel, hereby sues Defendants, CAL-MAINE FOODS, INC. ("Cal-Maine"), ADOLPHUS B. BAKER ("Baker"), SHERMAN MILLER ("Miller"), and TIMOTHY A. DAWSON ("Dawson") (collectively "Defendants"), and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.    This is an action brought against Defendants under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, *et seq.*, for failure to pay overtime wages.

2.    Defendant Cal-Maine is a Mississippi corporation that produces and distributes shell eggs and maintains various egg farms throughout the United States of America, including Florida. Cal-Maine, which has a registered agent in Plantation, Florida, employed Plaintiff at its Dade City, Florida facility.



1

3. At all times material hereto, Cal-Maine was, and continues to be, an "employer" as defined by the FLSA, 29 U.S.C. §203(d).

4. Defendant Baker is an individual residing in Mississippi. At all times material hereto, Baker managed, owned, and/or operated Cal-Maine and regularly exercised the authority to hire and fire employees, determined the work schedule of employees, set the rate of pay of employees, and controlled the finances and operations of Cal-Maine. By virtue of such authority, Baker is an employer as defined by 29 U.S.C. §203.

5. Defendant Miller is an individual residing in Mississippi. At all times material hereto, Miller managed, owned, and/or operated Cal-Maine and regularly exercised the authority to hire and fire employees, determined the work schedule of employees, set the rate of pay of employees, and controlled the finances and operations of Cal-Maine. By virtue of such authority, Miller is an employer as defined by 29 U.S.C. §203.

6. Defendant Dawson is an individual residing in Mississippi. At all times material hereto, Miller managed, owned, and/or operated Cal-Maine and regularly exercised the authority to hire and fire employees, determined the work schedule of employees, set the rate of pay of employees, and controlled the finances and operations of Cal-Maine. By virtue of such authority, Dawson is an employer as defined by 29 U.S.C. §203.

7. At all times material hereto, Defendants were Plaintiff's employer within the meaning of 29 U.S.C. §203(d) and employed Plaintiff within the meaning of 29 U.S.C. §203(g).

8. At all times material hereto, Plaintiff was an employee of Defendants, as defined by 29 U.S.C. §203(e)(1).

9. At all times material hereto, Plaintiff was "engaged in the production of goods" within the meaning of 29 U.S.C. §203(s)(1) and subject to the individual coverage of the FLSA.

10. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. §203(s).

11. This Court has original jurisdiction over Plaintiff's claims arising under the FLSA pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

12. Venue is appropriate in this Court under Rule 1.02(c) of the Local Rules of the Middle District of Florida and because the unlawful employment practices giving rise to Plaintiff's Complaint were committed in Dade City, Pasco County, Florida.

## GENERAL FACTUAL ALLEGATIONS

13. In 2003, Plaintiff was hired by Cal-Maine as a maintenance employee. During this time, part of Plaintiff's responsibilities included cleaning the chicken coops at Cal-Maine's Dade City, Florida facility.

14. At the time of her hire, Plaintiff was paid $7.00 per hour and was paid via check on a weekly basis.

15. In or around 2013, Plaintiff was given a raise and was paid $9.00 per hour. Plaintiff continued to be paid by check on a weekly basis. Plaintiff continued to earn $9.00 per hour throughout the remainder of her employment with Cal-Maine.

16. Plaintiff routinely worked in excess of forty (40) hours per week during her employment with Cal-Maine.

17. Plaintiff was never paid overtime compensation for hours she worked in excess of forty (40) in a work week.

18. Plaintiff frequently complained verbally to Fernando Montoya (Supervisor), who informed her that Cal-Maine did not pay over time, and told her if she did not like it she could leave. Mr. Montoya informed Plaintiff that illegal immigrants did not have any rights.

19. In or around July 2015, Plaintiff complained to Montoya regarding Defendants' failure to pay her overtime wages for hours Plaintiff worked in excess of forty (40) hours per work week.

20. Upon information and belief, nothing was done to address Plaintiff's complaints, and Plaintiff did not receive any overtime compensation following her complaint.

21. At all times material, Plaintiff performed the essential functions of her job in a satisfactory manner.

22. In or around August 2015, Plaintiff resigned from her employment with Cal-Maine.

### COUNT I: VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

23. Plaintiff incorporates and re-alleges the allegations contained in paragraphs 1 through 22, as if fully set forth herein.

24. Section 7(a) of the FLSA requires overtime pay at a rate of not less than one and one-half times an employee's regular rate of pay after an employee exceeds forty (40) hours of work in a single workweek. 29 U.S.C. §207(a).

25. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

26. Defendants' actions constitute a willful violation of the FLSA.

27. Defendants knowingly and willfully failed to pay Plaintiff at time and one-half of their regular rates of pay for all hour worked in excess of forty (40) hours per each work week during Plaintiff's employment.

28. As a direct and proximate result of Defendants' failure to pay overtime compensation, Plaintiff has been damaged in the loss of wages, due and has incurred and is incurring interest, costs, and reasonable attorney's fees.

29. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action from Defendants.

WHEREFORE, Plaintiff, ESTELA TREJO LUGO, demands judgment against Defendants, CAL-MAINE, INC., ADOLPHUS B. BAKER, SHERMAN MILLER, and TIMOTHY A. DAWSON for the following:

   A. Payment of unpaid overtime wages found to be due and owing;

   B. Liquidated damages;

   C. Pre-judgment and post-judgment interest;

   D. Reasonable attorney's fees and costs; and

   E. Such other and further relief as this Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, ESTELA TREJO LUGO, respectfully requests a trial by jury for all issues so triable.

Dated this 20th day of July, 2016.

                                                Respectfully submitted,

                                                *Vanessa Braga for Carlos J. Burruezo, Esq.*

                                                CARLOS J. BURRUEZO, ESQUIRE
                                                Florida Bar Number 843458
                                                carlos@burruezolaw.com
                                                kathy@burruezolaw.com
                                                docketing@burruezolaw.com
                                                BERTHA L. BURRUEZO, ESQUIRE
                                                Florida Bar Number 596973
                                                bertha@burruezolaw.com
                                                VANESSA A. BRAGA, ESQUIRE
                                                Florida Bar Number 112843
                                                vanessa@burruezolaw.com

                                                Attorneys for Plaintiff, ESTELA TREJO LUGO